**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ISAIAS ALVARENGA-ALVAREZ, AKA
Jesus Hernandez-Lopez,

              Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

No.    16-71251

Agency No. A073-997-041

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022[**]

Before:    S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

    Isaias Alvarenga-Alvarez, a native and citizen of Honduras, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his applications for cancellation of

removal, asylum, withholding of removal, and protection under the Convention

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).  We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's determination that petitioner failed to show exceptional and extremely unusual hardship to a qualifying relative.  *See* 8 U.S.C. § 1252(a)(2)(B); *Patel v. Garland*, —— U.S. ——, 142 S. Ct. 1614, 1622-23 (2022) (where the agency denies a form of relief listed in 8 U.S.C. § 1252(a)(2)(B)(i), federal courts have jurisdiction to review constitutional claims and questions of law, but not factual findings and discretionary decisions).  The petition does not raise a colorable legal or constitutional claim over which we retain jurisdiction.  *See* 8 U.S.C. § 1252(a)(2)(D).

In his opening brief, Alvarenga-Alvarez does not raise and therefore waives any challenge to the agency's dispositive determination that his asylum application was untimely.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).  Thus, we deny the petition for review as to Alvarenga-Alvarez's asylum claim.

Substantial evidence supports the agency's determination that Alvarenga-Alvarez failed to establish that the harm he experienced or fears was or would be

2

on account of an actual or imputed political opinion. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1042 (9th Cir. 2005) ("To establish a nexus to the political opinion ground, the [petitioner] must show (1) that [the petitioner] had either an affirmative or imputed political opinion, and (2) that [the petitioner was] targeted *on account of* that opinion."); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Alvarenga-Alvarez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT protection because Alvarenga-Alvarez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**